# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC 2017 LLC and UNILOC LICENSING USA LLC, | Civil Action No. 2:18-cv-00356 |
| Plaintiffs, | |
| v. | PATENT CASE |
| CISCO SYSTEMS, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc., Uniloc 2017 LLC and Uniloc Licensing USA LLC (together "Uniloc"), for their complaint against defendant, Cisco Systems, Inc. ("Cisco"), allege as follows:

### THE PARTIES

1. Uniloc USA is a Texas corporation having an address at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

2. Uniloc 2017 LLC is a Delaware limited liability company having addresses at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

3. Uniloc Licensing USA LLC is a Delaware limited liability company having addresses at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

3015109.v1

4. Uniloc holds all substantial rights, interest and title in U.S. Patent No. 6,980,522, which is entitled AD-HOC RADIO COMMUNICATION SYSTEM and issued on December 27, 2005 ("the '522 Patent"). A copy of the '522 Patent is attached as Exhibit A.

5. Cisco is a California corporation having a regular and established place of business at 2300 E. President George Bush Hwy., Richardson, Texas 75082. Cisco may be served with process through its registered agent for service in Texas: Prentice Hall Corporation System, 211 E. 7th St., Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Cisco has committed acts of infringement, and maintains a regular and established place of business, in this judicial district.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,980,522)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. The '522 Patent describes in detail and claims in various ways inventions in systems and devices for improved communication between devices in a master-slave computer system.

10. The '522 Patent describes problems and shortcomings in the then-existing field of master-slave computer systems and inventive technological improvements and solutions to such problems and shortcomings. The technological improvements and solutions described and claimed in the '522 Patent were not conventional or generic at the time of their respective

inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.

11. The inventions claimed in the '522 Patent involve and cover more than just the performance of well-understood, routine and/or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices by the '522 Patent inventor.

12. The inventions claimed in the '522 Patent represent technological solutions to technological problems. The written description of the '522 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.

13. Cisco imports, uses, offers for sale, and/or sells in the United States a solution designated Cisco Wireless Mesh that Cisco asserts enables cost-effective and secure deployment of outdoor Wi-Fi networks as a component of the Cisco Unified Wireless Network ("CUWN") ("Accused Products").

14. The CUWN has a plurality of components, including Cisco Aironet series mesh access points, that comprise a decentralized network. The Cisco access points can be configured as root access points (RAPs) or mesh access points (MAPs). Each Aironet MAP has multiple transceivers and antennae for communicating wirelessly with other Aironet devices. When arranged in a Bluetooth piconet, a master device is established by exchanging a Neighbor_Request and a Neighbor_Response, by ranking neighbors and by selecting the master

as the device having the best neighbor communication using performance characteristics of the antennae.

15. Cisco has infringed, and continues to infringe, at least claims 1, 3, 4, 6, 7 and 9 of the '522 Patent in the United States, by making, using, offering for sale, selling and/or importing the Accused Products in violation of 35 U.S.C. § 271(a).

16. Cisco specifically, knowingly and intentionally incorporates into the Accused Products components and software that enable the devices automatically to function as described above to infringe the '522 Patent.

17. In its marketing, promotional and/or instructional materials, including those identified below, Cisco also specifically and intentionally instructs its customers to use the Accused Products in an infringing manner described above.

18. Cisco has infringed, and continues to infringe, at least claims 1, 3, 4, 6, 7 and 9 of the '522 Patent by actively inducing others to use, offer for sale, and sell the Accused Products. Cisco's customers who use those devices in accordance with Cisco's instructions infringe at least claims 1, 3, 4, 6, 7 and 9 of the '522 Patent, in violation of 35 U.S.C. § 271(a). Cisco intentionally instructs its customers to use the Accused Products in an infringing manner as described above through training videos, demonstrations, brochures, installation and/or user guides, such as those located at one or more of the following:

- www.cisco.com

- https://www.cisco.com/c/en/us/td/docs/wireless/controller/8-1/Enterprise-Mobility-8-1-Design-Guide/Enterprise_Mobility_8-1_Deployment_Guide.html?dtid=osscdc000283

- www.cisco.com/c/en/us/td/docs/solutions/Enterprise/Mobility/emob41dg/emob41dg-wrapper/ch8_MESH.html

- www.cisco.com/c/en/us/td/docs/solutions/Enterprise/Mobility/emob30dg/WiMesh.html#wp999626

- www.cisco.com/c/en/us/td/docs/wireless/technology/mesh/8-0/design/guide/mesh80/Mesh_Network_Components.html#ID543

- www.cisco.com/c/en/us/td/docs/wireless/technology/mesh/8-0/design/guide/mesh80/Mesh_Network_Components.html#ID1744

- www.cisco.com/c/en/us/td/docs/wireless/technology/mesh/8-0/design/guide/mesh80/Mesh_Network_Components.html#ID2651

- www.cisco.com/c/en/us/td/docs/wireless/technology/mesh/8-0/design/guide/mesh80/Mesh_Network_Components.html#ID2200_IDTBL2231

- www.cisco.com/c/en/us/td/docs/wireless/technology/mesh/8-0/design/guide/mesh80/Mesh_Network_Components.html#concept_BB5F96CF9E3D41E08FBBB8A9344CDD50

- www.cisco.com/c/en/us/td/docs/wireless/technology/mesh/7-0/design/guide/MeshAP_70.html

- www.cisco.com/c/en/us/td/docs/wireless/controller/8-1/Enterprise-Mobility-8-1-Design-Guide/Enterprise_Mobility_8_1_Deployment_Guide/Chapter-8.html

- https://www.cisco.com/c/en/us/td/docs/wireless/access_point/1550/installation/guide/1550hig/1550_ch2.html?dtid=osscdc000283

- www.cisco.com/c/en/us/products/wireless/access-points/index.html

- www.youtube.com/user/cisco

- www.youtube.com/watch?v=JpmiWKSH_Ws

- www.youtube.com/watch?v=YAICasU4R8A

Cisco is thereby liable for infringement of the '522 Patent under 35 U.S.C. § 271(b).

19.     Cisco has also infringed, and continues to infringe, at least claims 1, 3, 4, 6, 7 and 9 of the '522 patent by making, using, offering to sell, selling and/or importing the Accused Products knowing that the devices are used in practicing the processes, or using the systems, of the '522 patent, and constitute a material part of the invention. Cisco knows portions of the

5

Accused Products are especially made or especially adapted for use as described above to infringe the '522 Patent, and are not a staple article, or a commodity of commerce suitable for substantial noninfringing use. Cisco is thereby liable for infringement of the '522 Patent under 35 U.S.C. § 271(c).

20. Cisco will have been on notice of the '522 Patent since, at the latest, the service of the Original Complaint upon it in this case. By the time of trial, Cisco will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least claims 1, 3, 4, 6, 7 and 9 of the '522 Patent by others, including its customers. Despite that knowledge, and as further evidence of its intent, Cisco has refused to discontinue its infringing acts, to remove the infringing functionality from the Accused Products, or otherwise place a non-infringing limit on their use.

21. Cisco may have infringed the '522 Patent through other software and devices utilizing the same or reasonably similar functionality as described above, including other versions of the Accused Products.

22. Uniloc has been damaged by Cisco's infringement of the '522 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Cisco:

(A) declaring that Cisco has infringed the '522 Patent;

(B) awarding Uniloc its damages suffered as a result of Cisco's infringement of the '522 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

**DEMAND FOR JURY TRIAL**

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: August 14, 2018.                                Respectfully submitted,


                                                      */s/ Edward R. Nelson III*
                                                      Paul J. Hayes
                                                      Massachusetts State Bar No. 227000
                                                      Kevin Gannon
                                                      Massachusetts State Bar No. 640931
                                                      Aaron Jacobs
                                                      Massachusetts State Bar No. 677545
                                                      **PRINCE LOBEL TYE LLP**
                                                      One International Place, Suite 3700
                                                      Boston, MA 02110
                                                      Tel: (617) 456-8000
                                                      Fax: (617) 456-8100
                                                      Email: phayes@princelobel.com
                                                      Email: kgannon@princelobel.com
                                                      Email: ajacobs@princelobel.com

                                                      Edward R. Nelson III
                                                      ed@nbafirm.com
                                                      Texas State Bar No. 00797142
                                                      Anthony M. Vecchione
                                                      anthony@nbafirm.com
                                                      Texas State Bar No. 24061270
                                                      Shawn Latchford
                                                      shawn@nbafirm.com
                                                      Texas State Bar No. 24066603
                                                      **NELSON BUMGARDNER ALBRITTON PC**
                                                      3131 West 7th Street, Suite 300
                                                      Fort Worth, TX 76107
                                                      Tel: (817) 377-9111
                                                      Fax: (817) 377-3485

                                                      **ATTORNEYS FOR THE PLAINTIFFS**